UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LUIS CUAHAUTHEMOC GRANADOS, JR.,

      Plaintiff,

v.                                                Case No. 19-C-1277

EDWARD DREWITZ and
OFFICER NOONAN,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff, who is currently serving a state prison sentence at Racine County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $20.03. Plaintiff filed a request to waive the initial partial filing fee because he lacks the funds to pay the partial filing fee. The court will waive the initial partial filing fee and screen the complaint.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff claims he was transferred from a prison to the Racine County Jail for a court proceeding and was housed in the Jail's segregation unit. On May 8, 2016, an inmate in the segregation unit propped his cell door open. Officer Noonan became aware of the situation and ordered the inmate to keep his door closed. On May 9, 2016, Plaintiff entered the common dayroom

2

for his one hour of recreation and noticed that the inmate's cell door was propped open again. Plaintiff complained to Deputy Drewitz several times about the fact that the inmate propped his door open, but Deputy Drewitz ignored Plaintiff's complaints. Plaintiff alleges the inmate came out of his cell and attacked Plaintiff. Plaintiff claims the inmate struck him with a closed fist and threw him to the ground, resulting in severe neck pain, bruising to his knees, and a laceration to the left side of Plaintiff's neck. Plaintiff seeks compensation for his injuries and training for the officers.

## THE COURT'S ANALYSIS

Plaintiff claims that Deputy Drewitz violated his rights by failing to protect him and that Officer Noonan violated his rights by ignoring the fact that the inmate's cell door was easily manipulated and did nothing to protect the other inmates. The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on jail officials to ensure that inmates receive adequate food, clothing, shelter, and medical care and to take reasonable measures to guarantee an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see* U.S. Const. amend. VIII. Jail officials have a duty to protect inmates from violence caused by other inmates when they are aware that the inmate faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847; *see also Pierson v. Hartley*, 391 F.3d 898, 903–04 (7th Cir. 2004). Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). The complaint must contain allegations that the officials were aware of a specific, impending, and substantial threat to the plaintiff's safety. *See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Even though the defendants knew the inmate's door was propped open, Plaintiff does not allege any facts to suggest that the defendants were aware of any substantial risk of serious

3

harm to Plaintiff or of any specific threat to Plaintiff's safety before the assault. For these reasons, Plaintiff's complaint does not state a claim against any of the named defendants. The court will nevertheless provide Plaintiff with an opportunity to file an amended complaint.

If Plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **November 17, 2019**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **November 17, 2019**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each

time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this __4th__ day of October, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court