UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUIS CUAHAUTHEMOC GRANADOS, JR.,

    Plaintiff,

v.                                                    Case No. 19-C-1277

EDWARD DREWITZ and
OFFICER NOONAN,

    Defendants.

## SCREENING ORDER

Plaintiff Luis Granados, Jr., who is currently serving a state prison sentence at the Racine County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In an October 4, 2019 screening order, the court dismissed Plaintiff's complaint without prejudice and allowed Plaintiff to file an amended complaint curing the defects in the original complaint. On November 4, 2019, Plaintiff filed an amended complaint. The court will now screen the amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*,

504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff alleges he was transferred from a prison to the Racine County Jail for a court proceeding and was housed in the Jail's segregation unit. On May 8, 2016, an inmate in the segregation unit propped his cell door open. Officer Noonan became aware of the situation and ordered the inmate to keep his door closed. On May 9, 2016, Plaintiff got into a verbal altercation with that inmate. Deputy Drewitz opened the other inmate's cell door and allowed the other inmate to speak to Plaintiff. At that time, Plaintiff pushed his emergency button and began to yell that the other inmate was going to prop his door open and assault Plaintiff. Deputy Drewitz ignored Plaintiff's concerns. Plaintiff then began his one hour of recreation. The other inmate continued to threaten Plaintiff and told Plaintiff his door was propped open. Plaintiff informed Deputy Drewitz that the inmate's door was propped open and that he was threatening to attack Plaintiff. Deputy Drewitz replied that Plaintiff was "okay" and ignored Plaintiff. The inmate then came out

of his cell and attacked Plaintiff. Plaintiff claims the inmate struck him and threw him to the ground, causing severe neck pain, bruising, and a laceration to the left side of Plaintiff's neck. Plaintiff seeks compensation for his injuries and the violation of his rights.

### THE COURT'S ANALYSIS

Plaintiff claims that Deputy Drewitz violated his rights by failing to protect him and that Officer Noonan violated his rights by ignoring the fact that the inmate's cell door was easily manipulated and did nothing to protect the other inmates. The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on jail officials to ensure that inmates receive adequate food, clothing, shelter, and medical care and to take reasonable measures to guarantee an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see* U.S. Const. amend. VIII. Jail officials have a duty to protect inmates from violence caused by other inmates when they are aware that the inmate faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847; *see also Pierson v. Hartley*, 391 F.3d 898, 903–04 (7th Cir. 2004). In this case, Plaintiff alleges that, even though Deputy Drewitz knew about the risk of assault posed by the inmate, he refused to take any action to mitigate the risk. At this stage, Plaintiff has stated a failure to protect claim against Deputy Drewitz.

Plaintiff has not stated a claim against Officer Noonan, however. Damages for a "deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). The complaint must contain allegations that the officials were aware of a specific, impending, and substantial threat to the plaintiff's safety. *See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Plaintiff does not allege any facts to suggest that

Officer Noonan was aware of any substantial risk of serious harm to Plaintiff or any specific threat to Plaintiff's safety. Accordingly, Plaintiff's claim against Officer Noonan will be dismissed.

**IT IS THEREFORE ORDERED** that Officer Noonan is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon defendant Drewitz pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that defendant Drewitz shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Racine County Jail, as well as the Racine County Sheriff, and the Racine County Corporation Counsel.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this __5th__ day of November, 2019.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court